UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


<u>United States of America</u>

    v.                                                      Case No. 18-cr-85-2-SM
                                                          Opinion No. 2020 DNH 188

<u>Randy Barton</u>


**ORDER**


Defendant's motion for "compassionate release" from incarceration under the First Step Act, 18 U.S.C. § 3582(a)(1)(A), given the COVID-19 pandemic, is properly before the court as defendant has exhausted available administrative remedies.  Doc. No. 59.

The burden is on defendant to show that he is entitled to relief, that is 1) that extraordinary and compelling reasons warrant a reduction in his sentence, and 2) such a reduction would be consistent with the sentencing factors set out in 18 U.S.C. § 3553(e) as well as Sentencing Commission Policies (though that is not strictly required under the First Step Act).

Here, the government concedes that defendant's medical conditions place him in a high-risk category should he contract COVID-19, and that defendant has met his burden to show

1

"extraordinary and compelling" reasons warranting sentence reduction. But, says the government, the sentencing factors weigh heavily against defendant's early release, particularly the danger defendant poses to the community. See 18 U.S.C. § 3142(g); USSG § 1B1.13(2).

Risk management procedures at FCI Schuylkill, where defendant is incarcerated, have been both extensive and largely successful in controlling the spread of the virus. Recently, (September 2020) there were no active cases among inmates and only one staff member who tested positive. The current risk of contracting the virus is low. And, defendant's history strongly militates against release.

Defendant was convicted of possession with the intent to distribute more than 5 grams of methamphetamine, an offense that is serious, carrying a 5-year mandatory minimum sentence. Defendant, a career offender, was sentenced to 10 years in prison. He has served only a small portion of that sentence and has not met his burden to show that he no longer poses a danger to the safety of the community. In addition, defendant's early release would, under these circumstances, be inconsistent with the sentencing goals of promoting respect for the law, imposing

2

a just punishment, protecting the public, and providing for both general and specific deterrence. 18 U.S.C. § 3553(a).

## Conclusion

Given the current low risk of community spread of the virus in the facility, the danger to public safety defendant would pose if released, and the sentencing factors militating against defendant's early release, the motion for compassionate release under the First Step Act is hereby denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

October 27, 2020

cc: John S. Davis, AUSA
　　 Shane Kelbley, AUSA
　　 Jaye L. Rancourt, Esq.
　　 U.S. Probation
　　 U.S. Marshal